## JOHN WELLES *vs.* STEPHEN CASTLES.

Under a lease stipulating for an abatement of rent "in case the premises or any part thereof shall be destroyed or damaged by fire or other unavoidable casualty, so that the same shall thereby be rendered unfit for use or habitation," the lessee is not entitled to an abatement of rent, in case of injury to the premises resulting from the neglect of the landlord to repair adjoining tenements; nor without proving that the premises were so rendered unfit for use or habitation.

ACTION OF CONTRACT to recover the rent reserved in a written lease of a shop in Lowell, by which the lessee covenanted to pay

the rent, and deliver up the premises at the end of the term in as good condition (reasonable use and wearing thereof and damage by fire or other unavoidable casualties excepted) as the same were in at the commencement of the lease ; and in which was the following clause : " Provided however that, in case the premises or any part thereof shall during said term be destroyed or damaged by fire or other unavoidable casualty, so that the same shall thereby be rendered unfit for use or habitation, then and in such case the rent hereinbefore reserved, or a just and proportional part thereof, according to the nature and extent of the injury sustained, shall be suspended or abated, until the premises shall have been put by the lessor, or those having his estate in the premises, in a proper condition for use and habitation."

At the trial in the court of common pleas, the defendant introduced evidence that the shop was in good condition when the lease was made ; that the rooms above it were let to other persons, under agreements by which the plaintiff should keep them in repair, and that the drains from the sinks in those rooms, and also the roof of the house, leaked, and occasioned damage to the plaintiff's goods ; and that a privy in the cellar under the shop, (which was not included in the lease to the defendant,) by reason of the cutting off, by the overseers of the streets of the city, of the drain leading to the common sewer, emitted noxious and offensive odors, which corrupted the air of the shop, and drove away the defendant's customers. It was admitted that the defendant occupied the shop during all the time for which rent was claimed in this suit.

The defendant contended that proof of these facts would be a bar to the plaintiff's recovering any thing, or at least to the amount to which the defendant was injured by these causes. But *Byington*, J. ruled that as the defendant had continued to occupy the premises under the lease during all the time for which rent was claimed, these facts were no bar to the recovery of the whole rent sued for. A verdict was taken by consent for the plaintiff, and the defendant alleged exceptions.

*B. Dean*, for the defendant.

*H. F. Durant*, for the plaintiff.

BIGELOW, J. There being no covenant on the part of the lessor to keep the premises in repair, the defendant is liable, on his covenant, for the full amount of the rent due at the commencement of this suit, unless he can bring himself within the terms of the proviso in the lease, by which he is exempted from the payment thereof in case of damage to or destruction of the premises occasioned by " unavoidable casualty." This phrase is in very common use in leases in this country, and has, as we suppose, a well settled and understood meaning. It does not signify a mere want of repair, arising from lapse of time or improper use of the premises; nor from trespasses or nuisances occasioned by the acts of the tenant or of third persons. Neither does it include any injuries which may happen by reason of the common and ordinary use and occupation of the estate leased, or of adjoining premises. The term has a much more restricted meaning, and comprehends only damage or destruction arising from supervening and uncontrollable force or accident. By a strict definition, as applied to the subject matter, it signifies events or accidents which human prudence, foresight and sagacity cannot prevent. Such is the philological meaning of the words, and in this sense they are manifestly used in the proviso in the lease. Looking at the connection in which they stand, and applying to them the maxim of construction, *noscitur a sociis*, they clearly signify occurrences of an unusual and extraordinary character. The language of the proviso is, " in case the premises or any part thereof shall during said term be destroyed or damaged by fire or other unavoidable casualty," that is, by causes like fire, such as lightning, earthquakes and wind, which usually result without any direct agency of the tenant, and which are ordinarily beyond human control. *Bigelow* v. *Collamore*, 5 Cush. 226. *Mills* v. *Baehr*, 24 Wend. 254.

This view of the effect of the proviso in the lease under which the tenant holds the estate is a decisive answer to the defence set up to this action on the covenant for payment of rent. The evidence entirely fails to show a damage to or destruction of the

premises by unavoidable casualty, according to any reasonable construction of that term. It proves, at most, only defects and want of repair, arising from omission or neglect to keep the premises and adjoining estates in good order. This the lessor was not bound to do, by any express covenant in the lease ; and there is no covenant implied by law that the premises leased are or shall remain in a condition suitable to be occupied for the purpose for which they are demised. *Foster* v. *Peyser*, 9 Cush. 242. For all wrongful acts of the city or of the tenants of adjoining premises, which work an injury and damage to the premises in the occupation of the tenant and his possession thereof, the law furnishes him with an ample remedy against the tortfeasors. But he cannot make those unlawful acts the ground of defence against the claim of the lessor for the rent.

Besides ; upon the facts as stated in the exceptions, even if the defects and nuisances on the premises were the result of unavoidable casualty, the defendant does not bring himself within the terms of the proviso. It is admitted that he occupied the premises under the lease during all the time for which rent is claimed in this suit. Nor was there any evidence that the premises or any part thereof were actually rendered unfit for use or habitation, which is necessary to be shown in order to exempt the defendant from liability for rent according to the express stipulation of the lease. *Exceptions overruled.*