6 279
49 1549
6 279
50 384

## Fanny Dussnau and Husband *v.* L. F. Generis.

The law does not contemplate the dissolution of leases except in extreme cases, but rather an equitable indemnity to the tenant for a temporary inconvenience, sustained unexpectedly and without fault on the part of the lessor.

Where a tenant in the city of New Orleans suffered a temporary inconvenience from the overflow produced by a crevasse, *Held*: That he could not on account of it claim a dissolution of the lease, and was bound to pay the rent accruing after the inconvenience ceased.

APPEAL from the Third District Court of New Orleans, *Kennedy*, J. *Sigur* and *Bonford*, for plaintiff. *H. St. Paul*, for defendant. The judgment of the court was pronounced by

SLIDELL, J. The plaintiff leased to the defendant a dwelling house in the city of New Orleans for the term of one year, to wit, from 1st of November, 1848, to 1st November, 1849. In the early part of May, 1849, a crevasse occurred a few miles above New Orleans. The water of the Mississippi overflowed the rear of the city, and covered the pavement and banquette in front of the house occupied by the defendant. It rose into the alleyway which was the means of communication between the street and the back buildings of his premises, and nearly reached the yard. The municipal authority caused wooden bridges to be laid along the banquettes, by which the inhabitants were enabled to traverse the streets. One of the neighbors removed his family. Many families remained. The water retired in June. An offensive smell prevailed in the inundated streets; but no injury appears to have been occasioned to the sanitary condition of the inundated district. The defendant removed his furniture and abandoned the house in the month of May.

The district judge was of opinion that the plaintiff had satisfied the equity of the case by remitting the rent for the period of the overflow; and gave judgment for the rent for the residue of the term. The defendant has appealed.

The plaintiff having waived any claim for rent during the inundation, the only question presented for our consideration is whether, under the circumstances, the defendant had a right to consider the lease-dissolved.

There is no express provision in our legislation for a case of this kind. But a consideration of the provisions of our Civil Code on the subject of letting and hiring, with reference to their general spirit and intendment, leads us to the conclusion that the lawgiver did not contemplate the dissolution of leases, except in extreme cases, but rather an equitable indemnity to the tenant for a temporary inconvenience sustained unexpectedly and without the fault of the lessor. And in this respect it harmonizes with the spirit of the Roman law and that of France. Le fait de force majeure dont se plaint le preneur, says Troplong, doit lui occasioner un dommage grave. *Si plus quam tolerable sit*, disait le jurisconsulte Gauis; sans quoi une simple gêne, un légere diminution des avantages du bail ne serait pas une cause de resiliation. It will be observed that in the present case the lessee was not deprived absolutely of the use of the premises. He was subjected to inconvenience, it is true; but the house was still habitable. Moreover, the inconvenience was not of such character as to menace discomfort during the entire term. It was temporary, and such as in the ordinary course of things must entirely disappear long before the expiration of the lease.

Judgment affirmed, with costs.