12  823
49 1549

## J. M. Denman & Co. v. S. M. Lopez & Co.

The provisions of our laws on letting and hiring do not favor abrogation of leases, where the loss or inconvenience is not caused by the fault of the lessor. Except in extreme cases the remedy of the lessee is for indemnification.

APPEAL from the Second District Court of New Orleans, *Morgan*, J.
*Clarke & Bayne*, for plaintiffs. *Collins* and *Foulhouse*, for defendants and appellants.

Cole, J. The plaintiffs leased to the defendants the "Falcon House," from the 1st November, 1854, until the 31st of October, 1855, for the yearly rent of $2,100, payable on the first day of each month.

On the 28th of November the defendants abandoned the premises.

On the 30th, plaintiffs obtained a provisional seizure, and instituted suit for the year's rent; the defendants admit the execution of the lease, but allege that it was dissolved by a *fortuitous* event, which occurred on the 20th Nov.: "a fire which destroyed the adjacent building, the walls of which fell upon and against the western wall of the building leased, and thereby destroyed the said wall, so shaking and injuring said wall, that the building became totally unfit for the purpose for which it was leased, untenable and insecure."

The leased premises were occupied as a coffee-house, called the *Falcon House*, situated on Gravier street, north side, and separated from "Placide's Varieties" by an alley some twelve or fourteen feet wide.

The theatre made the "Falcon House" a valuable stand for the sale of liquor by the glass and as a restaurant. Its chief value, for that purpose, depended upon the existence of the theatre there.

On the 21st November, 1854, the theatre was burned, and the defendants aver, that the "Falcon House" was so damaged by the fall of the wall of the "Varieties Theatre" on its side wall, as to authorize them to quit the premises and to consider the lease terminated; that even if the building was not materially damaged, yet if they had reasonable grounds to believe that it was not safe to be inhabited, they then had the right to abandon the premises and deem the lease cancelled; particularly as the lessors, according to their averment, never offered to furnish them with another lodging during the repairs.

It appears from the evidence, that on the 27th November, 1844, *M. Pilié*, the City Surveyor, gave a certificate in his official capacity, that the western wall of the "Falcon House" was badly cracked, occasioned by the falling of the walls of the "Placide's Theatre," lately destroyed by fire, that said wall was dangerous and ought to be pulled down and rebuilt.

The record shows, that this opinion of *Pilié* was incorrect; that the building was but slightly injured; $180 or 200, being all the expense of the repairs.

It was standing at the time of the trial in April, 1856, and has been occupied in the upper part for the storage of carriages since November, 1855. Heavy weights have been placed therein, without any injury or causing uneasiness. One of the witnesses says, he has seen as many as ten or twelve carriages on the first floor and perhaps four or five on the second floor.

*Pilié*, in his examination in court, says, if he had thought that the wall was

sprung from settlement of the wall and not from the fire and commotion, he might not have condemned it. In his cross-examination he testifies, that " nothing in the 'Falcon House' appeared to be injured by the fire." '

The opinion of *Pilié*, as to the danger, was corroborated only by men who have had no experience in building, whilst several builders testified, that there was no danger ; and it is also shown, that the repairs could have been done, if necessary, in fifteen days.

The lapse of time has established the error of *Mr. Pilié's* opinion.

It appears to us, that defendants cannot base a claim for relief on Arts. 2665, 2667 or 2669.

The provisions of our laws on letting and hiring do not favor abrogation of leases, when the loss or inconvenience is not caused by the fault of the lessor, but specifies indemnity as the proper remedy except in extreme cases.

This was the doctrine of the court in the case of *Fanny Dussuan & Husband* v. *L. F. Generis,* 6 An., 279, where the tenant suffered a temporary inconvenience from the overflow produced by a crevasse, and also in the case of *Dorville* v. *Amat,* 6 An. 566, where the adjoining proprietor found it necessary to demolish the party-wall, in order to erect a more substantial one to suit the character of the building he was about erecting.

In the case of *Pontalba* v. *Domingon et al.,* 11 L. 192, it was held, that the lessee is bound to allow the necessary repairs to be made on the leased premises, but may have an allowance by a suspension of the rent for the time he is obliged to quit for this purpose.

The case of *Coffin* v. *Redon,* 6 A., 487, quoted in defendant's brief, was decided in favor of the lessee, because there was an original defect in the construction of the building, and a part of the building had to be reconstructed ; the lessor's implied warranty was violated, and the lessee had the right to demand the dissolution of the lease.

In the case at bar there was no original or latent defect in the building; but repairs became necessary from a cause independent of the control of the plaintiff.

Defendants cannot shelter themselves behind the certificate of *Pilié :* it is true, they may have acted prudently in removing, if they believed it, but they must incur the risk of being held liable, if the certificate is found to have been given in error.

The certificate of the City Surveyor in the case at bar is not binding on this court.

If such a doctrine should be adopted, then the tenure of leases would depend upon the opinion of the City Surveyor as to the safety or danger of buildings.

Defendants may have quit the premises under the impression of the building being dangerous, but as that impression is not sustained by the evidence, they are liable to plaintiffs on the lease.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.