No. 2185

Second Circuit

---

GOODWIN v. WHEELER

---

(February 24, 1927. Opinion and Decree.)

---

(Syllabus by the Editor)

1. Louisiana Digest—Landlord and Tenant—Par. 96.

The fact that the tenant was indebted to the landlord for rent and that he removed part of his furniture from the leased premises on an order from the landlord to vacate afforded ground for the writ of provisional seizure under Article 287 of the Code of Practice.

Appeal from the City Court of the City of Shreveport, Louisiana. Hon. David B. Samuel, Judge.

Action by Miss Corinne Goodwin against Grady C. Wheeler.

There was judgment for plaintiff and defendant appealed.

Judgment affirmed.

Joe B. Hamiter, of Shreveport, attorney for plaintiff, appellee.

Foster, Looney, Wilkinson & Smith, of Shreveport, attorneys for defendant, appellant.

ODOM, J. In February, 1922, defendant, Grady C. Wheeler, leased from plain-

tiff four rooms in a dwelling house in Shreveport at a monthly rental of $40.00. He with his family moved in, carrying with them certain furniture, including a piano. In addition to the monthly rental of $40.00 defendant was to pay for water, gas and electricity used by him. He did not pay promptly. He fell behind with his payments all along, so that on January 1, 1924, he owed $211.87.

Plaintiff brought suit for the amount due coupled with an application for a writ of provisional seizure, which was issued. Under the writ the city marshal seized three art squares, four straight chairs, two rockers, one cook stove, one ice box, one kitchen cabinet, one dining-room table, and one piano and bench, all then in the leased premises.

Defendant filed a motion to dissolve the seizure on the ground that the property seized was exempt from seizure under any process whatever. Defendant also filed answer, in which he admitted that he owed plaintiff but claimed that said indebtedness was not due.

The motion to dissolve was set down for trial and testimony adduced. The minutes of the court make no mention of the fact that the case was tried on its merits. However, we find at the close of the trial both plaintiff and defendant agreed that the testimony taken on the trial of the motion to dissolve should be offered in evidence on the main issue. The trial court considered all the evidence and passed on the motion to dissolve along with the merits of the case, which was proper.

As already stated, the indebtedness is admitted, but defendant claims that the amount was not yet due. That contention arose on account of an agreement between defendant and Miss Goodwin in September, 1923, to the effect that defendant should pay the past due indebtedness at $20.00 per month; that is, he was to pay $60.00 per month instead of $40.00; the $20.00 to apply on the amount already past due.

But that agreement was not carried out by defendant. He continued to fall behind. He gave checks which were not paid when presented. Plaintiff finally ordered him to vacate the premises, which he did on January 8, 1924, but, before doing so, he removed portions of his furniture.

The fact that he was indebted to plaintiff for rent and that he removed part of his furniture from the leased premises afforded ground for the writ of provisional seizure.

Code of Practice, Article 287.

Defendant's counsel, in brief, suggest that inasmuch as plaintiff ordered defendant to vacate the premises she had no right to seize the furniture when defendant obeyed her order to vacate.

Plaintiff wrote defendant on December 31, 1923, to vacate the premises by January 5, 1924, and stated in the letter that on that date he would be due her $211.87, and that if the amount was not paid she would institute legal proceedings to collect the same. Defendant did not offer to pay the amount but, instead, began to remove his property from the leased premises.

We think plaintiff's right to provisionally seize the property under the circumstances was fully warranted.

None of the articles seized are exempt under Article 2705 of the Revised Civil Code, which applies to cases of this kind.

The lower court gave plaintiff judgment for the full amount sued for, and maintained the seizure to the extent of $203.23, the amount of rent due. The judgment is in accordance with the law and the evidence, and is therefore affirmed, with costs.