## WARREN v. ROSENBERG

———

(August 13, 1928. Opinion and Decree.)

———

Beard and O'Keefe, of New Orleans, attorneys for plaintiff, appellant.

Jos. A. Casey, of New Orleans, attorney for defendant, appellee.

CLAIBORNE, J. This is a suit for the cancellation of a lease.

Plaintiff, the lessee, averred that on March 12, 1926, she leased the property No. 2014 Canal Street from H. Rosenberg, for the period of six months beginning April 1, 1926, and ending September 30th, for the price of $175 per month evidenced by notes; that plaintiff had stipulated for painting and repairs to screens; that plaintiff was informed that the garage forming part of said premises was included in the lease, but after she took possession she was told that the garage was not a part of the leased premises; that the roof of said

property leaked very badly and deprived her of the use thereof, and had caused one of her tenants to vacate the property; that the lessor, although informed of that defect, has done nothing to remedy it; that the lease was secured by a mortgage note of $1560. Plaintiff prayed for the cancellation of the lease and the return of the mortgage note.

The defendant lessor, admitted the lease but denied all the other allegations of the petition; he averred that the only work he agreed to do was three stationary washstands which he installed; that plaintiff was informed that only one-half of the garage was for her use; that the lease stated the purpose for which the house was leased; that as soon as he was informed that the roof leaked he had the same repaired to the satisfaction of plaintiff.

Assuming the character of plaintiff, defendant claimed rent for the four months of June, July, August and September amounting to $700 with interest and attorney's fees.

This suit was filed August 21, 1926.

There was judgment on the main demand in favor of the defendant rejecting plaintiff's demand, and on the reconventional demand in favor of the plaintiff in reconvention, H. Rosenberg, and against the defendant in reconvention, Mrs. Mary C. Warren, for $700, interest and attorney's fees. Subject to a credit of $45.

Mrs. Warren has appealed.

A careful reading of the testimony has convinced us that the judgment is correct. The plaintiff in all cases must establish his case by a preponderance of the evidence.

The more so in a case of this kind where our Supreme Court has repeatedly held that the abrogation of leases is not favored except in extreme cases. Moore vs. Lambeth, 6 La. Ann. 74; Lagrave vs. Merle, 5 La. Ann. 279, 52 Am. Dec. 589; Mouton vs. Cameau's Heirs, 5 La. Ann. 566; J. M. Denman & Co. vs. S. M. Lopez & Co., 12 La. Ann. 823; Coleman vs. Haight, 14 La. Ann. 564; Foucher vs. Choppin, 17 La. Ann. 321; Penn vs. Kearny, Glois & Co., 21 La. Ann. 21; Brigham vs. Newton, 49 La. Ann. 1547, 22 So. 777; Vincent vs. Frelich, 50 La. Ann. 378, 23 So. 373, 69 Am. St. Rep. 436; Scibetta vs. Marciante, No. 7974 Orl. App., March 21, 1921.