GLASER v. CAHILL

(November 13, 1928. Opinion and Decree.)
(December 10, 1928. Rehearing Refused.)

G. L. Warren Woodville, of New Orleans, attorney for plaintiff and appellee.

Sol Weiss, of New Orleans, attorney for defendant and appellant.

JONES, J. This is a suit for five hundred sixty dollars ($560.00), with eight per cent (8%) interest, from various dates, and ten per cent (10%) attorney's fees. This amount is claimed for eight months' rent—from March 1, 1925, until October 1, 1925—of a lower duplex apartment at No. 2632 Milan Street, this City. Attached to this petition is the lease with eight rent notes of seventy dollars ($70.00) each.

Defendant answered, admitting the lease and his signature on the notes, and the fact that he moved out of the premises on February 9, 1925, after paying the rent up to March 1; but averring that the apartment was uninhabitable on account of the excessive cold and dampness. In amplification of this defense allegations are made that the four children of defendant were made ill by cold and dampness; that the walls were reeking with moisture and the clothes and shoes of the entire family were frequently covered with mildew; that defendant's piano was utterly ruined and his electric sewing machine injured by dampness; that the living room could not be used because it contained no radiator; that excessive gas bills were rendered; that the lighting of the gas stove in the kitchen extinguished the radiators in the bedrooms; that defendant complained without result and was forced to abandon the apartment on account of the unbearable cold and dampness.

The trial judge, after hearing six witnesses for the defendant and six for the plaintiff, decided in favor of plaintiff.

As a careful review of the record convinces us that his decision is amply sustained, it would serve no useful purpose to analyze the voluminous testimony of the various witnesses on the subject. Though defendant introduced much evidence as to excessive dampness and cold, this is contradicted by the evidence of plaintiff, and defendant admits that he told plaintiff not to worry about his rent, as it would be paid, and that he carried the keys to a real estate agent to sub-lease the premises for him.

These admissions in themselves are persuasive of the correctness of the decision of the trial judge, for abrogation of leases is not favored in Louisiana except in extreme cases, where the burden of proof is clearly sustained.

Kling vs. Maloney, 7 Orl. App. 751.

Meyers & Bro. vs. W. H. Henderson, 49 La. Ann. 1547, 16 So. 729.

Dussau vs. Generis, 6 La. App. 279.

Denman vs. Lopez, 12 La. Ann. 823.

For these reasons the judgment is affirmed.