### No. 3425

### Second Circuit

___

## HAYGOOD v. McKENNA, JR., ET AL.

___

(July 1, 1929. Opinion and Decree.)

___

Irwin & Blue, of Shreveport, attorneys for plaintiff, appellee.

Dickson & Denny, of Shreveport, attorneys for defendants, appellants.

WEBB, J. This is an action on a promissory note given in consideration of the lease of a predial estate, in which the defense interposed was that a portion of the property, which was subject to overflow, had been overflowed during the term of the lease, and that defendants were entitled to a proportional deduction in the rent, and defendants appeal from a judgment against them for the full amount claimed.

The learned trial judge has filed a written opinion, which reads as follows:

"Plaintiff brings this suit to recover a balance due on a promissory note signed by the two defendants.

"The signature on the note is admitted, and the only defense on the part of the defendants is that the note was given to plaintiff to cover rental price of land leased by plaintiff to defendants, that said land was subject to overflow, and that during the term of the lease a part of same was overflowed several times, being about one-third of the property.

"The answer having alleged affirmatively that the land was subject to overflow, can such a defense prevail in a case of a predial estate such as the present one plainly is? We think the case is plainly covered by Civ. Code, art. 2743, reading:

"'The tenant of a predial estate cannot claim an abatement of the rent, under the plea that, during the lease, either the whole, or a part of his crop, has been destroyed by accidents, unless those accidents be of such an extraordinary nature, that they could not have been foreseen by either of the parties at the time the contract was made; such as the ravages of war extending over a country then at peace, and where no person entertained any apprehension of being exposed to invasion or the like.

"'But even in these cases, the loss suffered must have been equal to the value of one-half of the crop at least, to entitle the tenant to an abatement of the rent.

"'The tenant has no right to an abatement, if it is stipulated in the contract, that the tenant shall run all the chances of all foreseen and unforeseen accidents.'

"It would seem plain that under this article the defense cannot prevail for two reasons: First, that an overflow is not an extraordinary accident, and especially in view of the fact that the defendants have alleged that the land was subject to overflow; and, secondly, even in case such an overflow be held to be an extraordinary event, abatement of rent cannot be granted unless there was a loss of crops to the extent of one-half, and under the evidence in this case, there was an overflow not beyond one-third.

"There are numerous cases to the effect that an overflow is not of extraordinary nature, but we hardly think it necessary to cite any of such cases, as the article itself, taken together with the allegations of the answer, makes it plain that the defense cannot prevail.

"The case of Dussnau v. Generis, 6 La. Ann. 279, and the case of Denman v. Lopez, 12 La. Ann. 823, cited by counsel for defendants as covering the present case, have no application whatever to the present case in our opinion, for the reason that both of those cases involve urban leases, which are not covered by article 2743, and the present case is an agricultural lease which is covered by article 2743."

We find that the opinion correctly states and decides the issues presented, and the judgment is affirmed.