## L. F. FOUCHER *v.* PAUL CHOPPIN.

17   321
49   1549

If, during the lease, the thing be totally destroyed by an unforeseen event, or if it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part. the lessee may either demand a diminution of the price or a revocation of the lease. In neither case has he any claim for damages.

APPEAL from the Sixth District Court of New Orleans, *Duplantier.* J. *J. Magne* for plaintiff and appellant.

*C. Dufour for defendant.*—1. The defendant bases his defence upon Art. 2667 of our Code.

2. The spirit of this Article pervades our whole legislation on the subject. See Arts. C. C. 1893, 2662, 2666, 2669, 2699.

41

FOUCHER
v.
CHOPPIN.

3. Our Art. 2667 C. C. is drawn from Art. 1722 Napoleon Code, and both are nearly identical in terms. See the Commentaries of Marcadé on this Art. 6 Marcadé, 450.

4. The difference in the two Articles, as found in our Code and in the French Code, is that, ours allows a wider margin for the operation of the principle, and affords a more solid basis for the application of Marcadé's illustrations, than even the Article in the French Code. See both articles.

HOWELL, J. Plaintiff sues for the rent of a plantation and brickyard in the parish of Jefferson, from the 16th June, 1861, to 16th October, 1862. The defendant admits the contract of lease, but alleges that, during the time for which rent is claimed, the premises were rendered useless and unfit for the purposes contemplated in the lease, by reason of the military occupation of the place; that the sums paid by him during said period are full compensation for the small portion occupied by him, and that, having been evicted by military power, he is entitled to the annulment of the lease from the date of the eviction.

It is shown that, in June, 1861, about the time from which rent is claimed, Camp Lewis was established on the vacant or pasture grounds of the leased property, in the rear of the portion occupied by the buildings, brickyard, garden, etc.; that defendant was hindered in the free use of a private railroad, used for transporting bricks from the brickyard, near the levee, back to the New Orleans and Carrollton Railroad, until January, 1862, when its use was destroyed by the removal of the iron from the rails by the Confederate troops, which abandoned the camp on the arrival of the national forces, about the end of April, 1862; that said camp ground was taken possession of by the latter troops, some time in August following, from which time the defendant suffered more or less annoyance and inconvenience, until about the 18th October, 1862, when he was ordered to leave, and the buildings were taken for a hospital by the United States military. From that date the plaintiff abandons all right to rent from the defendant.

The defence is founded upon Article 2667 C. C., which provides that: "If, during the lease, the thing be totally destroyed by an unforeseen event, or if it be taken for a purpose of public utility, the lease is at an end. If it be only destroyed in part, the lessee may either demand a diminution of the price or a revocation of the lease. In neither case has he any claim for damages."

If, during the period embraced in the bill sued on, the military forces had evicted the defendant and taken possession of all the leased premises, it is not denied that the lessee would have been relieved from all liability under the contract of lease. The plaintiff virtually admits this by waiving his right to rent, after that event actually occurred. Applying the same principle, the defendant should be relieved to the extent to which he has been dispossessed by the same overpowering force, if the evidence furnishes the data for making the diminution. There is no proof of the rent of the railroad, or the value of its use to defendant. It is, however, shown that the grounds occupied by the troops had yielded him a rent of one hundred dollars per month, which we adopt as the standard of deduction to be made. The dispossession continued during the whole time for

which rent is claimed, except from the last of April, 1862, to the middle of August of the same year. We are of opinion that, under an equitable application of the above law, the defendant is entitled to a deduction of one hundred dollars per month, during the actual occupation by the military forces of a portion of his premises, say $1,250 for twelve and a half months.

It is therefore ordered, adjudged and decreed, that the judgment of the lower court be reversed, and that plaintiff recover of defendant eleven hundred and seventy-five dollars (1,175), with legal interest from 15th October, 1862, and that he be entitled to the possession of the leased premises, as prayed for. The appellee to pay costs in both courts.