[No. 9452. Department Two. June 9, 1911.]

OLSON LAND COMPANY, *Respondent*, v. ALKI PARK COMPANY, *Appellant*.[1]

APPEARANCE—PROCESS—DEFECTS—WAIVER — UNLAWFUL DETAINER. A defect in a summons in unlawful detainer, in not requiring the defendant to appear within fifteen days, as required by statute, is waived by a general appearance.

LANDLORD AND TENANT—NOTICE TO QUIT—SUFFICIENCY. A notice to quit for default in the payment of rent is sufficient without a computation of the rent, where it designates the months for which rent is due.

LANDLORD AND TENANT—EVICTION—EMINENT DOMAIN. There is no eviction by a taking of part of the leased premises under the power of eminent domain, as the tenant must seek his damages in the condemnation proceedings; and it is immaterial that the lease provided that in case the premises were condemned the lessee should vacate within thirty days.

[1]Reported in 115 Pac. 1083.

Judgment—Res Judicata—Eminent Domain. A judgment in condemnation proceedings that a tenant was not entitled to compensation because of a stipulation in the lease agreeing to vacate within thirty days if the land was condemned, is conclusive on the tenant, in the absence of an appeal.

Landlord and Tenant—Recovery of Possession—Failure to Pay Taxes—Unlawful Detainer. The failure of a lessee to pay taxes, as agreed in the lease, entitles the lessor to maintain unlawful detainer.

Appeal from a judgment of the superior court for King county, Tallman, J., entered November 23, 1910, upon findings in favor of the plaintiff, after a trial on the merits before the court without a jury, in an action for unlawful detainer. Affirmed.

*William Martin*, for appellant.

*Douglas, Lane & Douglas*, for respondent.

Morris, J.—Appeal from a judgment in an unlawful detainer action. The rights of the parties in and to the premises were fixed by a lease upon tracts M, N, and P, of the plat of Alki Point, covering a period from June 1, 1908, to December 31, 1923. The rental was $130 a month during the year 1908, and $145 a month for the year 1909. In June, 1908, an action was commenced in the district court of the United States for the Western district of Washington, wherein the United States, as petitioner, sought to condemn tract N for the erection and maintenance of a fog signal and light station, and the taking of said tract was thereafter adjudged to be for a public use. The appellant and respondent both appeared in that action, and sought damages for the taking of the tract. On December 1, 1908, judgment was duly entered in the condemnation proceedings, and it was held that the appellant was not entitled to damages, under a provision of the lease reciting that, in case the premises covered by the lease should be acquired by the United States in condemnation proceedings, the appellant would vacate any portion of the premises so acquired within thirty days. From the

entry of the judgment, appellant refused to pay rent, and there was due as rent when this action was commenced $1,725. Under the terms of the lease, appellant obligated itself to pay taxes, but neglected to do so, and permitted the same to become delinquent. Due notice and demand for the payment of the rent and taxes was served upon appellant, and it still refusing, this action was commenced, resulting in judgment against it for the rent due, the restitution of the premises, and forfeiting the lease.

The errors complained of are, (1) that the lower court was without jurisdiction, as the summons was dated November 27 and required the appellant to appear December 13, sixteen days after date; whereas the statute requires the summons in such cases to be made returnable in not less than six nor more than fifteen days. This defect went to the jurisdiction of the person, and as appellant appeared in the action and submitted itself to the jurisdiction of the court, the defect was waived and cured and cannot now be taken advantage of. (2) The notice to quit stated the months for which appellant was in default in the payment of rent, but did not compute the rent due. For this reason the notice is alleged to be insufficient. The designation of the months for which rent was due and unpaid was a sufficient designation of the sum claimed to be due. *Ralph v. Lomer*, 3 Wash. 401, 28 Pac. 760.

The other errors alleged may be treated under one head, the contention being that, when part of the leased premises was taken under the condemnation proceedings, it operated as an eviction from the part taken, and the rent abated as to such part, requiring, before an unlawful detainer action could be maintained, a readjustment of the rent and a failure to pay the sum determined in the readjustment. While there are some cases sustaining appellant's position in this regard, the great weight of authority is the other way. The cases sustaining appellant's contention are from Missouri, New York, and Louisiana. The Missouri case, *Barclay v.*

*Picker*, 38 Mo. 143, is referred to in the note to *Corrigan v. Chicago*, 144 Ill. 537, 33 N. E. 746, 21 L. R. A. 212, where a contrary rule is announced.    There it is said:

"This decision was based on Taylor's Landlord & Tenant, § 519, which says that a lease becomes void on taking the land for public improvements.   But the authorities cited are *Mills v. Baehr*, 24 Wend. 254, which decided only that a tenant who had been paid full compensation for injuries to his possession by widening a street could not claim that this was a 'casualty' within a provision of his lease; and *Barker v. Hodgson*, 3 Maule & S. 270, which involved no question as to tenancy or taking by eminent domain, but related to the effect of an infectious disease upon the charter of a ship.   It will be thus seen that the cases cited do not support the text."

The Missouri rule is also criticized in 1 Washburne on Real Property (5th ed.), 558, note 4, where it is said the cases relied upon do not support the doctrine.   An examination of New York and Louisiana cases would seem to indicate that the rulings in those states, in so far as this contention is upheld, was based upon the particular recitals of statutory provisions.   *Gillespie v. Thomas*, 15 Wend. 464; *Foucher v. Choppin*, 17 La. Ann. 321.   The doctrine of the Missouri and Louisiana cases is referred to and commented upon adversely in *Stubbings v. Village of Evanston*, 136 Ill. 37, 26 N. E. 577, 29 Am. St. 300, 11 L. R. A. 839, and *Gluck v. Mayor of Baltimore*, 81 Md. 315, 32 Atl. 515, 48 Am. St. 515, in both of which an examination of the authorities leads the court to say that, both upon principle and the decided weight of authority, the correct rule is, that a tenant, when part of the leased premises is taken under the power of eminent domain, cannot claim an eviction by the landlord, nor be released from the payment of rent.   The landlord could convey by his lease no greater title than he had, which was at all times subject to the exercise of the right of eminent domain on the part of those upon whom, because of the public necessity and convenience, the statute had conferred the power.   Both thus held their interest in the property

subject to the exercise of this sovereign power; the only limitation being that the land could not be taken, nor the estate diminished, without just compensation being ascertained and paid. The tenant cannot, therefore, compel the landlord to accept a lessened rent. The obligation to pay rent, as fixed in the lease, is not terminated by the condemnation proceedings, but remains in full force, irrespective of such proceedings; and if, by virtue of them, the tenant is damaged by injury to his leasehold, he must seek his damage from the one who inflicts it, and have it determined and set apart to him in the condemnation proceedings, the purpose of which, after an adjudication of public use, is to determine and fix the damages to be paid to all those having any interest in the property that will be destroyed or damaged by the taking for public use. *Parks v. Boston,* 15 Pick. 198; *Patterson v. Boston,* 20 Pick. 159; *Foote v. Cincinnati,* 11 Ohio 408, 38 Am. Dec. 737; Washburne, Real Property, *supra.*

Appellant sought to recover this damage in the condemnation proceedings, but was met by its covenant to vacate and surrender, as provided in the lease. Whether that judgment was correct or not, in holding that appellant was not entitled to damages because of such provision in the lease, it was a final judgment, rendered by a court of competent jurisdiction, and as such, fixes and determines appellant's right in the matter. Appellant's failure to pay the taxes was likewise a breach of its leasehold covenant, and the landlord was, because of such breach, entitled to maintain this action and obtain a restitution of the demised premises. The appellant could only retain possession of the premises as it kept and performed its covenants. When it failed and refused to perform, it lost its right of possession, and subjected itself to an action of this character.

Finding no error, the judgment is affirmed.

Chadwick, Crow, Ellis, and Parker, JJ., concur.