(No. 16996.—Judgment affirmed.)
THE YELLOW CAB COMPANY, Appellee, *vs.* THE STAFFORD-SMITH COMPANY, Appellant.

*Opinion filed February 18, 1926.*

LEASES—*when condemnation does not release tenant from payment of rent.* The taking of a part of leased premises by the exercise of the right of eminent domain, leaving a part susceptible of occupation under the lease, does not release the tenant from the payment of the rent reserved for the full term; and in such case there is no apportionment or abatement for the part taken.

APPEAL from the Second Division of the Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. JOHN F. O'CONNELL, Judge, presiding.

COCHRANE & GEORGE, for appellant.

SAMUELS, COSTELLO & GREENBERG, for appellee.

Mr. CHIEF JUSTICE DUNN delivered the opinion of the court:

The Appellate Court for the First District affirmed a judgment of the municipal court of Chicago for $820 in favor of the Yellow Cab Company against the Stafford-Smith Company and allowed an appeal to this court upon a certificate of importance.

The Yellow Cab Company was the assignee of a lease for a term of ten years expiring April 30, 1925, of a parcel of real estate in the city of Chicago fronting 112½ feet on the west side of South Park avenue and extending 180 feet west to an alley. The Yellow Cab Company sublet the south half of the premises to the appellant for a term beginning on December 1, 1921, and expiring April 30, 1925, with the original lease, at a monthly rent of $400.

The suit was for the rent for the months of May and June, 1923, and $20 stipulated attorneys' fees. The judgment was by confession, but it was opened on the petition of the appellant to permit it to make a defense. The defense was set out in the petition, which the court directed should stand as the appellant's affidavit of merits, and was that the premises leased to the defendant were condemned by the South Park Commissioners for the widening of South Park avenue, and the appellant on March 30, 1923, was notified by the South Park Commissioners that the property was condemned and the building would be wrecked, and that the appellant was required to vacate the building not later than April 15; that the compensation awarded to the owner of the premises was paid on April 21, 1923, and thereby the title and the right to use the property passed to the South Park Commissioners, and that the appellee was informed of the condemnation of the property and the notice to defendant to vacate, and on April 24, 1923, notified the appellant to vacate the premises in accordance with the notice of the South Park Commissioners; that the defendant paid the plaintiff the rent for April, and was given permission by the South Park Commissioners to remain in the premises until they were wrecked, and did remain in possession of them, by agreement with the South Park Commissioners, until June 12, 1923, when it vacated them; that the South Park Commissioners became the owner of the premises in April, 1923, and duly canceled the lease, and the defendant is not indebted to the plaintiff for the months of May or June in any sum. The suit was tried by the court without a jury, there was a finding for the plaintiff, and the judgment rendered upon confession was confirmed.

There was no dispute in the evidence except as to the date when the appellant vacated the premises. The appellee's evidence tended to show that all the leased premises were occupied by the appellant through the months of May and June, and the court so found although the appellant in-

troduced contradictory evidence. There was no condemnation of the whole of the premises included in the lease to the appellant and occupied by it. The condemnation was of the east 132 feet, only, leaving the west 48 feet of the leased premises unaffected by the condemnation. Upon payment of the compensation the lessor of the appellee conveyed the condemned part of the premises to the South Park Commissioners. It is well settled in this State that the taking of a part of leased premises by the exercise of the right of eminent domain, leaving a part susceptible of occupation under the lease, does not release the tenant from the payment of any part of the rent, but he is bound to the landlord for the payment of the rent reserved for the full term, without apportionment or abatement for the part taken. (*Stubbings* v. *Village of Evanston,* 136 Ill. 37; *Corrigan* v. *City of Chicago,* 144 id. 537; *Chicago West Division Railway Co.* v. *Metropolitan West Side Elevated Railroad Co.* 152 id. 519.) This view is in accordance with the weight of authority elsewhere. *Parks* v. *Boston,* 15 Pick. 198; *Patterson* v. *Boston,* 20 id. 159; *Dobbins* v. *Brown,* 12 Pa. St. 75; *Workman* v. *Mifflin,* 30 id. 362; *Gluck* v. *Baltimore,* 81 Md. 315; *Foote* v. *Cincinnati,* 11 Ohio St. 408; *Olson Land Co.* v. *Alki Park Co.* 63 Wash. 521.

If the appellant had vacated the premises according to the appellee's notice there might have been ground for claiming that there had been a surrender of the lease or it had been abandoned, but no such thing occurred. The appellant continued to occupy the whole of the leased premises, the relation of landlord and tenant created by the lease continued, and it was not affected either by the deed of the owner of the fee or by the payment of the compensation by the South Park Commissioners.

The appellant contends that if the appellee is entitled to any rent the appellant is entitled to an abatement to the extent of the fair rental value of the east 132 feet taken by the South Park Commissioners from the date of the pay-

ment of the award, but the cases which have been cited hold the contrary.

The appellee brought suit against its lessor of the premises for the recovery of $1000, the rent for the months of May and June, which it was bound to pay and had paid in advance in accordance with its lease of the premises, and for $9000, as the value of its leasehold. In its statement of claim, which was sworn to, it stated that the buildings on the demised premises were 180 feet in depth; that under the condemnation proceedings 132 feet of said 180-foot depth were condemned by the South Park Commissioners in connection with the widening of South Park avenue, leaving only a depth of 42 feet remaining, and that the remaining 42-foot portion was not suitable for the purposes for which the premises were demised and were being used by the plaintiff and could not be used for said purposes, and that the plaintiff was thereby ejected from the premises; that in pursuance of a notice received from the South Park Commisioners to vacate the premises on May 1, 1923, the plaintiff did vacate the premises on that date. The comptroller of the appellee wrote a letter to the appellee's lessor on May 5, 1923, saying: "It is my understanding that on request of the South Park Commissioners we vacated this property and made delivery to you on May 1. Please, therefore, send us a check refunding the amount for May and June, amounting to $1000," in response to which the appellee's lessor said to the writer, over the telephone: "You bring over the lease that you have and I will give you back the $1000 for May and June." The appellant offered to introduce in evidence this statement of claim, the letter and the telephone message and answer, as admissions of the appellee showing the vacation of the premises. It may be conceded that the evidence would have been competent as admissions by the appellee, but in view of the admitted facts they would not have tended to establish the vacation of the premises. In fact, there is no dispute in the evidence that

the premises were not vacated on the first of May and that the appellant continued to occupy them after that date. The facts are concluded by the judgments of the trial and Appellate Courts.

There is no error of law which could have affected the judgment, and it is affirmed.     *Judgment affirmed.*