[L. A. No. 8962. In Bank.—June 16, 1927.]

## CITY OF PASADENA (a Municipal Corporation), Respondent, v. ANNA G. PORTER, Appellant; THE GEKCO COMPANY OF CALIFORNIA, Respondent.

[1] STREET IMPROVEMENTS—STREET OPENING ACT OF 1903—CONDEMNATION OF LAND — LANDLORD AND TENANT — AWARD TO TENANT — RULE.—In a proceeding under the Street Opening Act of 1903, as amended, to open, widen, and extend a certain avenue, in which it is sought to take a portion of a certain lot of land upon which there is a store building, which property is under a lease, the proper rule in awarding damages is to award the tenant a lump sum rather than a reduction in his rent for the unexpired term of the lease.

[2] ID.—INTEREST OF TENANT. — The interest of a tenant under a lease for a term of years of real property is property subject to ownership and is held as any other interest in land is held, subject to the exercise of the power of eminent domain, and the

---

2. Rights as between landlord and tenant to compensation awarded in eminent domain proceeding, notes, 4 Ann. Cas. 1011; 15 Ann. Cas. 714. Right of tenant to compensation where property taken by eminent domain, notes, 11 L. R. A. 839; 21 L. R. A. 217. Scope and import of term "owner" in statute relating to eminent domain, note, 2 A. L. R. 785. See, also, 10 R. C. L. 135; 10 Cal. Jur. 356.

tenant is guaranteed just compensation before his title can be divested under such power.

[3] ID.—TAKING OF PROPERTY OF TENANT—LIABILITY FOR RENT.—The taking of the entire property covered by a lease by condemnation proceedings operates to release the tenant from liability for subsequently accruing rent, but the taking of a portion only does not terminate the lease or absolve the lessee of his covenant to pay the full rent.

[4] ID.—NATURE OF PROCEEDINGS—EQUITY JURISDICTION.—A proceeding for the condemnation of private property under the Street Opening Act of 1903 is a special statutory proceeding, in which the court has no equitable jurisdiction and accordingly has no power to reform or revise a lease in question, nor to determine to what extent the covenant to pay rent shall be affected, if at all; and a tenant cannot compel the landlord to accept a lessened rent, nor can the landlord force a re-adjustment of the rent.

[5] ID.—AWARD OF DAMAGES TO TENANT—SECURITY FOR RENT.—In such a proceeding, the argument that if the tenant be allowed to recover for the full value of the leasehold interest, there will be handed over to him a portion of the damages which is the equivalent of the rent to be paid, and the owner may lose her rent by the insolvency of the tenant, or otherwise, cannot be considered.

[6] ID.—TIME OF ACCRUAL OF DAMAGES—CONSTITUTIONALITY OF ACT.—The provision of the Street Opening Act of 1903 (section 10) that in cases in which referees have been appointed for the purpose of assessing the compensation and damages under such proceedings, the right to such damages shall be deemed to have accrued at the date of the order appointing the referee, instead of the date of the actual loss of possession of the property, does not violate article I, section 14, of the state constitution.

---

(1) 20 **C. J.**, p. 851, n. 97.    (2) 20 **C. J.**, p. 852, n. 99.    (3) 36 **C. J.**, p. 319, n. 46, 49.    (4) 20 **C. J.**, p. 873, n. 83, p. 915, n. 62 New. (5) 20 **C. J.**, p. 851, n. 97.    (6) 20 **C. J.**, p. 830, n. 21, p. 831, n. 27 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Charles S. Burnell, Judge. Affirmed.

The facts are stated in the opinion of the court.

James H. Howard, Roscoe R. Hess, City Attorney, Frederick G. Stroehr and Leonard A. Diether for Respondent.

---

5. See 10 **R. C. L.** 136.

Porter & Sutton for Appellant Anna G. Porter.

Willis I. Morrison, Arthur W. Eckman, Wm. B. Himrod, Merriam, Rinehart & Merriam, J. D. Rinehart, F. E. Peterson, F. McD. Spencer, Howard Robertson, Hahn & Hahn, Cruickshank, Brooke & Evans and Simpson & Simpson for Respondents Daisy M. Degelman et al.

Jess E. Stephens, City Attorney, and Chandler, Wright & Ward, *Amici Curiae.*

WASTE, C. J.—The City of Pasadena instituted proceedings under the Street Opening Act of 1903, as amended, to open, widen, and extend Garfield Avenue from Colorado Street southerly to Green Street. The defendant, Anna G. Porter, owns one of the parcels of land affected by the proceedings, and the respondent, Gekco Company, is the owner of a lease for years, executed by her, of a store building located on the land, and having a frontage of 35 feet on Colorado Street. The portion of the land sought to be taken includes 8.3 feet of the frontage of the store premises. Referees appointed by the trial court on January 23, 1925, subsequently made an award for the taking of this property in the total sum of $36,063, made up of the following items: Value of land, $29,050; value of improvements destroyed, $2,000; cost of restoring residue of the building, $5,013. The $5,013 allowed as restoration damages was divided, $3,000 to the owner and $2,013 to the lessee. The sum of $16,682.68 was allocated to the owner of the fee, and the sum of $19,380.32 to the holder of the leasehold estate. The owner excepted to the report of the referees, but her objections were overruled. The report was confirmed, and an interlocutory decree duly entered in accordance with the findings. The owner of the fee thereupon appealed to this court from that portion of the interlocutory judgment confirming the report of the referees, in so far as it related to her land.

The lease of the store premises held by the respondent, Gekco Company, was made June 19, 1923, to extend for a period of ten years from August, 1924, at a monthly rental of $700, that amount being the equivalent of $20 per front foot per month. During the pendency of the proceedings

in the court below the appellant orally, and finally in writing, offered to reduce the rent to be paid by the Gekco Company under the terms of the lease from $700 to $534 per month, such reduction of rent to commence from the date of the entry of the final decree in condemnation, and to be in lieu of any allowance to the Gekco Company of a lump sum estimated as the equivalent of the rental of the 8.3 feet of store room about to be taken from the tenant. The proposed reduction of rent was in the proportion that the amount of frontage and floor space to be taken bore to the total amount of frontage and floor space occupied. The referees took the position that, as a legal proposition, they were without authority to modify the lease between the owner and her tenant by reducing the rent fixed by its terms; that, therefore, throughout the remaining 114 months of the lease yet to run the tenant would have to continue to pay the full rental fixed by its terms. By computation the referees found a sum which, if placed in the hands of the lessee and by it invested at six per cent per annum, compounded semi-annually, and drawn on at the rate of $166 per month for the remainder of the term, would exactly reimburse the Gekco Company for the $166 per month it had to pay appellant; and, upon payment of the last month's rent, the entire sum, principal and interest, to be exhausted. This present equivalent of future installments was found to be $14,839.88. The referees next found as a fact that the market value of the 8.3 feet frontage, over and above the $20 per front foot per month the lessee would have to pay, until the termination of the lease, and of which excess value the lessee would be deprived, was $2,527.44. These last two sums, together with the lessee's restoration damage of $2,013, made the respondent Gekco Company's award $19,380.32. The finding and conclusion of the referees was reflected in and confirmed by the interlocutory decree awarding a lump sum to the tenant for damages. It is from this portion of the judgment that the owner has appealed. She does not object to the restoration damage, amounting to $2,013, paid to the lessee, and apparently does not assail the $2,527.44 excess value. Her objection goes to the item of $14,839.88, both as to amount and as to the right to award any sum whatever to the tenant for rent to be paid for the property

to be taken where the owner has offered to make a proper and fair reduction in rent on account of the taking of a portion of the demised premises.

Appellant's contention is that the Street Opening Act, under which these proceedings were taken, makes no special provision relative to the respective rights of landlord and tenant in property condemned. She admits that general damages suffered by the tenant in such cases, the cost of repairing the remaining portions of the demised premises in order to make the same usable, and increased or bonus value of the lease over the rent to be paid, may properly be paid in lump to the tenant; but contends that, instead of awarding a tenant a lump sum as the present equivalent of rents to be paid by the tenant in the future for property to be taken, and without requiring from the tenant any security that it will pay such future rents, the proper and more equitable adjustment of damages would be arrived at by reducing the rental to be paid in the future. The question thus presented has never been considered by this court.

[1] In support of her contention appellant enumerates certain advantages in favor of a reduction of rent over awarding a tenant a lump sum as the equivalent of rents, but we deem it unnecessary to consider them, for the question to be considered is one of law. Appellant argues that the authorities from other jurisdictions are conflicting, and contends that the rule that rents shall be reduced *pro rata* finds support in decisions from New York, Pennsylvania, Maryland, Missouri, and Mississippi. We find no substantial conflict of authority, and the decisions on which appellant relies do not support her contentions. In *In re Seventh Avenue and Varick Street,* 196 App. Div. 451 [188 N. Y. Supp. 197, 201], the decision was based upon earlier decisions, which in turn rested upon a statute expressly providing for a *pro rata* abatement of rents in cases of termination of leasehold interests where a part only of the property was taken. (*Gillespie* v. *Thomas,* 15 Wend. (N. Y.) 464; *Gillespie* v. *Mayor, etc.,* 23 Wend. (N. Y.) 643.) Subsequent decisions from other jurisdictions, and text-writers, supporting the New York rule, fail to note that it rests on the terms of the statute. Others make no distinction between the taking of the entire premises and

201 Cal.—25

the taking of only a part. *Dyer* v. *Wightman,* 66 Pa. St. 425, 427, which seems to be relied on to a considerable extent by text-writers as supporting the contention now advanced by appellant, was not a condemnation suit. It was an action in equity for rent under a sublease. *Biddle* v. *Hussman,* 23 Mo. 597, 600, was also an action to recover rent. *Board of Levee Commrs.* v. *Johnson,* 66 Miss. 248 [6 South. 199], related to a controversy between a landlord and a tenant following condemnation proceedings, where the whole of the premises was taken, thereby dissolving the relation. *Baltimore* v. *Latrobe,* 101 Md. 621 [4 Ann. Cas. 1005, 61 Atl. 203], appears to state an exception to the general rule, but cites with approval *Gluck* v. *Baltimore,* 81 Md. 315 [48 Am. St. Rep. 515, 32 Atl. 515], the leading case in that state on the subject of apportionment of rents, where a part only of the demised premises is taken. In that case the court directly held that the rent should not be apportioned, but that the tenant was entitled to the present worth of the rent payable *in futuro,* and that the covenant to pay rent under the lease was not affected or diminished by virtue of the partial taking. Read in the light of the facts, *Baltimore* v. *Latrobe, supra,* does not depart from the rule laid down in the earlier cases in that state.

[2] We are satisfied that the trial court followed the proper rule and procedure in this case. The Street Opening Act of 1903, as amended (Deering's Gen. Laws, 1923, p. 3309, Act 8198), after providing for the appointment of referees to assess the damages for property taken, provides (section 10) that they shall "find separately: First. The value of each parcel of property sought to be condemned, and all the improvements thereon pertaining to the realty, and of each separate estate or interest therein; . . . " The interest of the respondent, Gekco Company, under the lease from the appellant is an estate for years, and, therefore, is property subject to ownership. (Civ. Code, sec. 761; *San Pedro, etc.,* v. *City of Los Angeles, etc.,* 180 Cal. 18, 20 [179 Pac. 393]; 15 Cal. Jur. 600, par 3.) As the owner of such estate it is guaranteed just compensation before its title can be divested under the power of eminent domain. It holds its term as any other interest in land is held, subject to the exercise of that power. It holds its title subject to this right the same as the landlord holds her

title. (*Corrigan* v. *City of Chicago,* 144 Ill. 537, 543 [21 L. R. A. 212, 33 N. E. 746].) The reciprocal rights of the landlord and tenant, in case the demised property, or a part of it, is taken by condemnation in eminent domain, are as well established. [3] According to the majority of the decisions the taking of the entire demised property by condemnation proceedings operates to release a tenant from liability for subsequently accruing rent, but a taking of a portion only does not terminate the lease or absolve the lessee of his covenant to pay the full rent. (36 Cor. Jur. 319, par. 1122; 10 R. C. L. 136, sec. 120.) In *Corrigan* v. *Chicago, supra,* the court said (p. 544) : "when a portion only of the land is taken, and a portion remains, which is susceptible of occupation under the lease, we have held, following what we regard as the weight of authority, that the covenants of the lease are not abrogated, and that the tenant is bound by his covenant to pay full rent according to its terms. *Stubbings* v. *Village of Evanston,* 136 Ill. 37 [29 Am. St. Rep. 300, 11 L. R. A. 839, 26 N. E. 577]. And that in such case the lessee would not be entitled to apportionment or an abatement of the rent for the part of the land taken, but was bound to pay rent for the whole of the premises demised. . . . If the covenant to pay rent is not affected by the proceedings and judgment of condemnation, it is clear that the lessor would be entitled as compensation only to the present value of his reversion, which he holds subject to the term created by the lease; and the lessee continuing personally liable but losing his estate, and right to its enjoyment, would be entitled to receive not merely the value of the term, but also a sum of money equivalent to the present value of the sum of the rents payable *in futuro.* That is, he should receive the value of his term subject to the rent, and such further sum as would be considered a present equivalent for the rent thereafter to be paid, and the lessor would receive correspondingly less." Only recently the same court said: "It is well settled in this State that the taking of a part of leased premises by the exercise of the right of eminent domain, leaving a part susceptible of occupation under the lease, does not release the tenant from the payment of any part of the rent, but he is bound to the landlord for the payment of the rent reserved for the full term, without appor-

tionment or abatement for the part taken. (Citing cases.) This view is in accordance with the weight of authority elsewhere. *Parks* v. *Boston,* 15 Pick. (Mass.) 198; *Patterson* v. *Boston,* 20 Pick. (Mass.) 159; *Dobbins* v. *Brown,* 12 Pa. St. 75; *Workman* v. *Mifflin,* 30 Pa. St. 362; *Gluck* v. *Baltimore,* 81 Md. 315 [48 Am. St. Rep. 515, 32 Atl. 515] *Foote* v. *Cincinnati,* 11 Ohio St. 408 [38 Am. Dec. 737]; *Olson Land Co.* v. *Alki Park Co.,* 63 Wash. 521 [Ann. Cas. 1912D, 365, 115 Pac. 1083]." (*Yellow Cab Co.* v. *Stafford-Smith Co.,* 320 Ill. 294, 296 [43 A. L. R. 1173, 150 N. E. 670].) From the note in this case in 43 A. L. R. 1173, 1177, it appears that the rule is the same in Illinois, Maryland, Massachusetts, New Hampshire, Ohio, Pennsylvania, Oregon, and Washington. In *Olson Land Co.* v. *Alki Park Co.,* 63 Wash. 521 [Ann. Cas. 1912D, 365, 115 Pac. 1083], cited by the Illinois court, *supra,* the court rejects the rule contended for by the appellant, and aptly criticises the decisions appearing to support it. Certain of the text-writers, Lewis, Taylor, and Tiffany, express a preference for a rule allowing a proportional reduction of the rent in cases such as this, but we conclude, upon the decided weight of authority, that the lower court followed the proper course in awarding damages for the taking of the separate estates and interests of the appellant and the respondent Gekco Company.

[4] Aside from the foregoing considerations, another insurmountable objection appears to prevent the application, in this action, of the rule contended for by the appellant. A proceeding for the condemnation of private property under the Street Opening Act is a special statutory proceeding. The court sitting therein has no equitable jurisdiction, and accordingly has no power to reform or revise the lease in question, nor to determine to what extent the covenant to pay rent shall be affected, if at all. The tenant cannot compel the landlord to accept a lessened rent. (*Olson Land Co.* v. *Alki Park Co., supra.*) Neither can the landlord force a re-adjustment of the rent. It was said in *Stubbings* v. *Village of Evanston,* 136 Ill. 37, 42 [29 Am. St. Rep. 300, 11 L. R. A. 839, 26 N. E. 577]: " . . . if a case should arise where, upon the payment of the value of the leasehold interest to the tenant, the remedy of the landlord to collect his rent might be impaired or de-

feated on account of the insolvency of the tenant, or other cause, a court of equity might interpose to prevent the payment of the damages recovered into the hands of the tenant, and appropriate the fund, or so much thereof as might be necessary, to the payment of the rents due or to become due from the tenant to the landlord during such time as the lease might, by its terms, continue to run." We express no opinion as to the question whether or not such a proceeding would lie in an independent action between appellant and respondent, but see no room for its invocation in the present situation of the parties. In this proceeding the landlord and the tenant are confined to their remedies against the condemning municipality.

[5] It has been argued here that, if the respondent be allowed to recover for the full value of the leasehold interest, there will be handed over to the tenant a portion of the damages which is the equivalent of the rent to be paid, and appellant may lose her rent by the insolvency of the respondent, or otherwise. The same contention was advanced in *Gluck* v. *Baltimore, supra,* and the court said: "It has, however, been contended that, if the tenant should be allowed to recover for the full value of the leasehold interest, and the landlord should be required to rely upon the personal obligation of the tenant for the payment of rent, a rule of this character would or might in many instances result in great loss to the landlord. At best, this is a mere suggestion of a possible hardship . . . Obviously a principle, if sound, ought to be applied wherever it logically leads, without reference to ulterior results. That it may, in consequence, operate in some instances with apparent, or even with real harshness and severity, does not indicate that it is inherently erroneous. Its consequence in special cases can never impeach its accuracy."

[6] The Street Opening Act, *supra* (section 10), provides that in cases in which referees have been appointed for the purpose of assessing the compensation and damages under such proceedings, the right to such damages shall be deemed to have accrued at the date of the order appointing the referees. The referees and the court in this case, following the statute, accepted January 23, 1925, as the date from which damages should be computed. The appellant contends that damages awarded the tenant should date

only from the time of the actual loss of possession by the
tenant. The amount awarded the tenant, she therefore con-
tends, is excessive, because it includes an allowance for
account of rent for a period between the date of the ap-
pointment of the referees and the date of the final decree,
or the date when the tenant will lose possession, during all
of which period the Gekco Company has had, and will
retain, the possession, use, and enjoyment of the entire prem-
ises. Such a proceeding, she asserts, amounts to a violation of
article I, section 14, of the state constitution, which provides
that private property shall not be taken or damaged for
public use without just compensation having first been made
to, or paid into court for, the owner. There is no merit
in the contention. It is necessary, for the purpose of as-
sessing compensation and damages in eminent domain pro-
ceedings, that the right thereto shall be deemed to have
accrued at a fixed date. Under the general law relative
to eminent domain, the value of property taken is assessed
as of the date of the issuance of the summons. (Code Civ.
Proc., sec. 1249.) It is settled by the decisions that this
rule, the equivalent of which is found in many states,
involves no violation of constitutional right. (*California
Southern R. R.* v. *Kimball,* 61 Cal. 90; *Marin Municipal
Water Dist.* v. *Marin W. & P. Co.,* 178 Cal. 308, 314 [173
Pac. 469], and cases cited.) On analysis, it will be found
that the distinction between the provision of the code sec-
tion and that of the Street Opening Act, *supra,* is formal,
rather than substantial, as it was held to be between the code
section and the provisions of the Public Utilities Act con-
sidered in the cases just cited. Furthermore, during all
of the period here complained of, the appellant has received,
and we assume will receive, the full rent reserved in the
lease—all she would receive if no condemnation had occurred.
We have considered the many contentions of the parties
and of *amici curiae* on the question of the amount of dam-
ages, and are not prepared to question the finding of the
trial court.

The judgment is affirmed.

Shenk, J., Langdon, J., Preston, J., and Seawell, J., con-
curred.

CURTIS, J., Dissenting.—I dissent.

There is undoubtedly very respectable authority from other jurisdictions to support the conclusions reached in the majority opinion. It is admitted, however, that the question involved in this controversy has never been expressly passed upon by the courts of this state. The rule as enunciated in the opinion is to my mind both unreasonable and inequitable.

On the other hand, there is ample authority to support the contention of appellant that the rent to be paid by the tenant should be reduced *pro rata* and that the value of the land taken should be paid to the landlord. In Lewis on Eminent Domain, third edition, section 718, we find the following:

"Undoubtedly the conclusion which is practically the most satisfactory and which can be applied with the least injury to the parties is that the taking operates to extinguish the obligation to pay rent, in whole or in part, as the case may be. Under the opposite rule there is handed over to the tenant a portion of the damages which is the equivalent of the rent to be paid, and the landlord may lose his rent by the insolvency of the tenant or otherwise, or be put to a suit in equity to have the fund impounded for his benefit."

Taylor on Landlord and Tenant, eighth edition, section 386, states the law in practically the same language as that used by Lewis on Eminent Domain. Tiffany on Landlord and Tenant, volume 1, pages 1184–1186, also agrees with both Lewis and Taylor and states the rule as follows:

"It appears to the present writer that, when the ownership of either a part or the whole of the leased premises, the 'fee' as it is usually called, is taken under the power of eminent domain, the liability for rent should be proportionally reduced or extinguished, for the simple reason that the leasehold interest in the land taken has come to an end by reason of its merger in the reversion."

It appears to me that it is more important that we lay down a just and equitable rule in this state to be followed in condemnation proceedings of this character than to adopt one which is neither fair nor equitable, even though this latter rule is supported by authorities both numerous and weighty from other jurisdictions.

It is conceded that when the whole of the leased premises is taken by the condemnation proceeding the lease is terminated and such taking operates to release both the tenant and the landlord from the terms of their lease. I can see no good reason why there should be a different rule applied to a case where only a portion of the premises is taken. If the condemnation proceeding can wipe out a lease in its entirety, is there any good or legitimate reason for saying that it cannot modify it to the extent of the property taken? I am unable to see why any distinction is made in these two classes of cases.

Richards, J., concurred.