[L. A. No. 17512. In Bank.—December 2, 1940.]

THE METROPOLITAN WATER DISTRICT OF SOUTH-
ERN CALIFORNIA (a Municipal Corporation), Appel-
lant, v. E. BENNETT ADAMS et al., Respondents.

James H. Howard, General Counsel, Arthur A. Weber, Assistant General Counsel, Charles C. Cooper, Jr., Donald M. Keith, Hill, Morgan & Bledsoe and Vincent Morgan for Appellant.

J. H. O'Connor, County Counsel (Los Angeles), Roy W. Dowds, Assistant County Counsel, Arthur Loveland, Deputy County Counsel, Ray L. Chesebro, City Attorney (Los Angeles), S. B. Robinson, Chief Assistant City Attorney, and Russell B. Jarvis, Deputy City Attorney, as *Amici Curiae,* on Behalf of Appellant.

Miguel Estudillo and C. L. McFarland for Respondents.

C. C. Carleton, Frank B. Durkee, C. R. Montgomery and Robert E. Reed, as *Amici Curiae,* on Behalf of Respondents.

CURTIS, J.—This is an action in eminent domain for the purpose of condemning certain parcels of land for use as a part of what is known as the Cajalco Reservoir in Riverside County. The action was brought on March 11, 1935. On August 21, 1935, an order was made pursuant to section 14 of article I of the Constitution of the state granting to the plaintiff the right of immediate possession and use of the land upon the deposit in court of certain sums of money as security. The action was partly tried in 1936 but the issue as to amounts of damage or the market value was tried before a jury in 1938. The verdict, findings and judgment all contained, in addition to the amounts found as the value of the respective parcels of land, further sums covering interest at seven per cent per annum with respect to each of these amounts from the date of the taking possession of the lands to the date of the entry of judgment. The plaintiff has appealed from those portions of the judgment which cover these allowances for interest and the legality of such interest al-

lowances is the sole question presented in the appeal in this case.

Respondents first claim that the allowance of interest on the value of the respective parcels of land sought to be condemned may be recovered under the provisions of that part of section 1249 of the Code of Civil Procedure, which reads as follows: "If an order be made letting the plaintiff into possession, as provided in Section 1254, the compensation and damages awarded shall draw lawful interest from the date of such order." That part of said section was adopted in 1872. Section 1254 of the Code of Civil Procedure referred to in section 1249 and in effect at the date of the enactment of section 1249 was declared unconstitutional by this court in the case of *Vilhac* v. *S. & I. R. R. Co.*, 53 Cal. 208. It has been amended several times, the last amendment being enacted in 1903, which was in effect at the time this action was instituted. Section 1249 was re-enacted in 1911, with only a slight amendment, with the paragraph quoted above left unchanged. As so amended it also was in effect at the commencement of this action.

These sections of the code have no application to the present controversy in which the plaintiff, in pursuance of section 14 of article I of the Constitution, took possession of the land sought to be condemned under order of the court made before judgment and only a few months after the commencement of the action. Section 1254 of the Code of Civil Procedure empowers the court only "after trial and judgment entered or pending an appeal from the judgment" to "authorize the plaintiff, if already in possession, to continue therein, and if not, then to take possession of and use the property during the pendency of and until the final conclusion of the litigation." Section 1249 of the Code of Civil Procedure awarding a defendant interest from the date of the order, only applies when the order letting a plaintiff in possession is made as provided in said section 1254, which order is made only after judgment. The order letting the plaintiff in possession in the present proceeding was made before judgment and pursuant to section 14 of article I of the Constitution.

Respondents next take the position that by the taking possession of the land in a condemnation proceeding by a plaintiff under order of court, as provided for in section 14 of article I of the Constitution, the condemner's right to the property becomes vested, and concurrently the property

owner's right to the payment to him of a sum of money for such taking becomes vested. In other words, that the act of taking possession irrevocably fixes the respective rights of the condemner and the landowner, and that after possession is thus taken of the land, the condemner becomes the vested owner of the land and the landowner is entitled to immediate payment for the land, and under the provisions of section 3302 of the Civil Code, to interest on the delayed payment for the period of delay. This position cannot be sustained for a number of reasons.

In the first place, there is no provision for absolute immediate payment, but only immediate payment "as soon as the same can be ascertained according to law," and that means after a jury has fixed the amount of compensation, or in case the action is tried without a jury, after the court has determined said amount. In the second place, the rights of the parties are not irrevocably fixed by the act of the plaintiff taking possession for the reason that one of the possible issues in every condemnation case is whether there is any public necessity to take the owner's land, and should this issue be decided against the plaintiff, the proceeding terminates and the owner is restored to the possession of his land, if possession thereof had been previously taken by the condemner. In the present proceeding the landowners denied the allegation that public necessity required the taking of their lands. Furthermore, the plaintiff may abandon the proceeding at any time before the expiration of thirty days after final judgment by serving upon defendant and filing in court written notice of such abandonment. (Sec. 1255a, Code Civ. Proc.) While the plaintiff by abandoning the proceeding subjects himself to the payment of certain costs and expenses incurred by the defendant, the service and filing of said notice *ipso facto* terminates the proceeding, except in those rare instances in which the condemner is estopped from availing itself of the right of abandonment.

However the conclusion reached upon the matters just discussed does not, in our opinion, dispose of the claim of the respondents that they are entitled to interest on the amounts of their several judgments from the date of the order permitting the appellant to take possession of said property to the date of said judgments. Section 14 of article I of the Constitution provides that "Private property shall not be

taken or damaged for public use without just compensation having first been made to, or paid into court for, the owner . . . ''.

There can be no question, we think, that just compensation for the taking of respondents' property includes not only the actual cash value, or market value of said property, but also the actual cash value of the use of said property from the date of the taking possession thereof up to the date of judgment, if possession is taken by the condemner prior to judgment. The damage for the taking of said property in the present case, in pursuance of section 1249 of the Code of Civil Procedure, was fixed as of the date of trial, at its then actual value. Had plaintiff not taken possession of said property prior to the trial of said action, respondents' damage would still have been fixed at the actual value of said property at the date of trial—the same as if no prior possession had been taken by appellant.

There should be some means or method of procedure, if we are to comply with the constitutional requirement that just compensation be paid to the owner for the taking of his property, whereby compensation for its use prior to the judgment is paid to him. It is suggested that compensation for the use of said property so taken is but an incident to the damage sustained by reason of the taking of the property, and that the jury might take such damage into consideration in fixing the compensation to which the landowner is entitled by reason of the taking of his property. As favoring such suggestion the language of said section 14 of article I of the Constitution is cited, where the court in fixing the amount of money to be paid into court upon the taking possession prior to judgment may direct the deposit of an amount ''reasonably adequate to secure to the owner of the property . . . immediate payment of just compensation for such taking and any damage incident thereto . . . ''. This language indicates that in addition to just compensation for the taking, the landowner may sustain damage incident thereto, and we are not prepared to hold that this incidental damage as such might not be taken into consideration by the jury in fixing the just compensation due the respondents.

No contention is made that any instruction in this case was given to the jury that they had such right. On the other hand, the jury was instructed that it could allow interest on

the value as fixed by it of the respective pieces of property at the rate of seven per cent per annum from the date of the taking possession of said lands to the date of the entry of judgment. As we have seen, the jury acted upon this instruction, and in addition to the amounts found as to value, included interest on said amounts. Legal interest is frequently accepted as the basis for fixing the measure of damages. While it does not appear that this rule has ever been applied in this state in condemnation proceedings, there is no adverse ruling as far as we have been able to ascertain. In the United States courts in cases like the instant one interest has been frequently allowed in condemnation proceedings where possession is taken prior to judgment.

In the case of *Danforth* v. *United States*, 102 Fed. (2d) 5, a condemnation, we find the following discussion of the subject at page 10:

"The appellant contends that he is entitled to receive interest from the time of the taking. . . . The Government concedes this to be the rule . . . The appellant is clearly entitled to interest as part of his damage . . .

"It remains to determine the date of the taking. The evidence is undisputed that the setback levee was started by the Government on October 21, 1929 . . . It follows that interest should have been allowed from October 21, 1929, to the date of judgment. . . . "

In *Seaboard Air Line R. Co.* v. *United States*, 261 U. S. 299, at page 306 [43 Sup. Ct. 354, 67 L. Ed. 664], the court held as follows:

"It is obvious that the owner's right to just compensation cannot be made to depend upon state statutory provisions. The Constitution safeguards the right and sec. 10 of the Lever Act directs payment. The rule above referred to, that in the absence of agreement to pay or statute allowing it the United States will not be held liable for interest on unpaid accounts and claims, does not apply here. The requirement that 'just compensation' shall be paid is comprehensive and includes all elements and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation. Where the United States condemns and takes possession of land before ascertaining or paying compensation, the owner is not limited to the value of the property at the time of the taking; he is entitled to such

addition as will produce the full equivalent of that value paid contemporaneously with the taking. Interest at a proper rate is a good measure by which to ascertain the amount so to be added. The legal rate of interest, as established by the South Carolina statute was applied in this case. This was a 'palpably fair and reasonable method of performing the indispensable condition to the exercise of the right of eminent domain, namely, of making "just compensation" for the land as it stands, at the time of taking.' *United States* v. *Sargent* (C. C. A., Eighth Circuit), 162 Fed. 81, 84 [89 C. C. A. 81].

"The addition of interest allowed by the District Court is necessary in order that the owner shall not suffer loss and shall have 'just compensation' to which he is entitled."

A further statement on this same subject is found in the case of *Jacobs* v. *United States,* 290 U. S. 13, at pages 16 and 17 [54 Sup. Ct. 26, 78 L. Ed. 142]. The court held as follows:

"The amount recoverable was just compensation, not inadequate compensation. The concept of just compensation is comprehensive and includes all elements, 'and no specific command to include interest is necessary when interest or its equivalent is a part of such compensation.' The owner is not limited to the value of the property at the time of the taking; 'he is entitled to such addition as will produce the full equivalent of that value paid contemporaneously with the taking.' Interest at a proper rate 'is a good measure by which to ascertain the amount to be added.' . . . "

These authorities in our opinion announce a fair and just rule, which we think should be applied and followed by this court in its decision of the instant case. Appellant has not produced any persuasive authorities to the contrary. Neither has it advanced any good reason why the respondents are not entitled to interest for the time they were deprived of possession of their property prior to judgment. ▮ It does call our attention to evidence in the case to the effect that the value of the property sought to be condemned was fixed at the date of the trial of said action, and that its value was then forty per cent more than at the commencement of the action. It follows, so the appellant states, that respondents, if allowed interest, will have received both the enhanced value of their property and interest on its value from the date possession was taken. So it would appear. But we can see no injustice in allowing interest under those conditions. Had appellant not taken possession prior to judg-

ment, the respondents would have been entitled to the enhanced value of their property the same as if possession had been taken. The value of respondents' property at the date of trial, whether less or more, was the measure of respondents' damage for the taking of their property, but it did not cover respondents' damage for being deprived of the use of said property prior to judgment. In our view of the merits of this appeal, we are of the opinion that interest was properly allowed under the facts of this case.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Carter, J., and Spence, J., *pro tem.*, concurred.

EDMONDS, J., Dissenting.—For the reasons stated by the District Court of Appeal when this case was decided by that court [99 Pac. (2d) 675]), I believe that the respondents are not entitled to interest upon the value of their respective parcels of land and that those portions of the judgment appealed from should be reversed.

Rehearing denied. Edmonds, J., voted for a rehearing.