[Civ. No. 16466.   Second Dist., Div. Three.   Mar. 30, 1949.]

THE CITY OF LOS ANGELES et al., Respondents, v. M. J. TOWER et al., Defendants; HUGHES TOOL COMPANY (a Corporation), Appellant.

Wright & Millikan and Charles A. Loring for Appellant.

Ray L. Chesebro, City Attorney, Gilmore Tillman, Chief Assistant City Attorney, and Russell B. Jarvis, Assistant City Attorney, for Respondents.

SHINN, P. J.—Hughes Tool Company, a corporation, appeals from a judgment awarding it compensation for a right of way for a high power transmission line condemned by the city of Los Angeles, and the Department of Water and Power of the city, over a corner of a triangular parcel of land containing approximately 138 acres situated on a mountain peak some 2 miles north of the business section of Hollywood. The parcel taken contained about 1¾ acres. The complaint was filed July 7, 1942, and in December following, plaintiffs took possession under an order authorizing them to do so, and constructed the transmission line. Summons and complaint were served on appellant May 5, 1945, and the trial was had October 8, 1947, resulting in a judgment in plaintiffs' favor in the amount of $200 as the value of the land taken, with interest thereon from the date plaintiffs went into possession.

Upon the trial, over the objection of appellant, the court received evidence as to the value of the property at the time of trial. Appellant urges here, as it did in the trial, that the value of the land should have been fixed as of December, 1942, at the time plaintiffs went into physical possession of the property. Such is the question presented here. There was conflicting evidence as to whether the taking resulted in severance damage; the court found none was sustained and the finding is not questioned by appellant.

In receiving evidence of value as of the date of trial and rejecting evidence of value as of the date when possession was taken the court was following the procedure outlined in section 1249, Code of Civil Procedure. That section provides: "For the purpose of assessing compensation and damages the right thereof shall be deemed to have accrued at the date of the issuance of summons and its actual value at that date shall be the measure of compensation for all property to be actually taken, and the basis of damages to property not actually taken but injuriously affected . . . provided, that in any case in which the issue is not tried within one year after the date of the commencement of the action, unless the delay is caused by the defendant, the compensation and damages shall be deemed to have accrued at the date of the

trial. . . ." The proviso was added in 1911. It is not contended that the delay of over five years in bringing the matter to trial was caused by the defendant. If section 1249 was controlling it is clear that appellant's compensation was properly assessed according to the property value as of October, 1947.

Appellant takes the position that section 1249 was inapplicable for the reason that possession of appellant's property was taken soon after commencement of the action under an ex parte order of court obtained upon deposit of security pursuant to the provisions of article I, section 14 of the California Constitution. It is said that the right of eminent domain may be exercised either under part 3, title 7 of the Code of Civil Procedure, or under the cited constitutional provisions; that the former procedure is the normal course, whereas the latter is an extraordinary procedure to which the provisions of section 1249 cannot be applied.

This contention cannot be sustained. We find no inconsistency between the provisions of article I, section 14, of the Constitution and section 1249 of the Code of Civil Procedure. The mere fact that one procedure is statutory and the other incorporated in the Constitution creates no conflict. The substance of the present constitutional provisions for an immediate entry into possession upon the commencement of the action was in 1897 enacted as section 1254 of the Code of Civil Procedure. This section, however, was declared to be unconstitutional in *Steinhart* v. *Superior Court* (1902), 137 Cal. 575 [70 P. 629, 92 Am.St.Rep. 183, 59 L.R.A. 404]. Section 14, as amended in 1918, provides that "Private property shall not be taken or damaged for public use without compensation having first been made to, or paid into court for, the owner, . . . which compensation shall be ascertained by a jury, unless a jury be waived, as in other civil cases in a court of record, *as shall be prescribed by law*; provided, that in an action in eminent domain brought by the state, or a county, or a municipal corporation, or a drainage, irrigation, levee, or reclamation district, the aforesaid state or political subdivision thereof or district may take immediate possession and use of any right of way required for a public use whether the fee thereof or an easement therefor be sought upon first commencing eminent domain proceedings according to law in a court of competent jurisdiction and thereupon giving such security in the way of money deposits as the court in which

such proceedings are pending may direct, and in such amounts as the court may determine to be reasonably adequate· to secure to the owner of the property sought to be taken immediate payment of just compensation for such taking and any damage incident thereto, including damages sustained by reason of an adjudication that there is no necessity for taking the property, as soon as the same can be *ascertained according to law.*'' (Italics added.) Except for the guarantee of a jury trial, section 14 does not purport to specify the procedure by which the amount of the owner's compensation is to be determined. The quoted portions of the section which we have italicized clearly demonstrate that in other respects the procedure is to be governed by the applicable legislation on the subject. Section 1249 is such a procedural statute and is fully applicable to all eminent domain proceedings irrespective of whether immediate possession is taken.

Appellant relies upon a statement appearing in *Metropolitan Water District* v. *Adams,* 16 Cal.2d 676, 678 [107 P.2d 618], to the effect that section 1249 has no application to a controversy in which possession of land sought to be condemned is taken prior to judgment in pursuance of article I, section 14. The statement was made solely in reference to the question whether under section 1249 the condemnor was liable for interest from the time when possession was taken to the time of judgment. Since the only provision in section 1249 for interest on an award related to possession taken after judgment and pending an appeal pursuant to section 1254 of the Code of Civil Procedure, the court held that an award of interest could not be supported by section 1249. The case is not authority for the proposition urged by appellant.

We are also met with the contention, that the ascertainment of the amount of appellant's compensation as of the date of trial, pursuant to section 1249, deprives appellant of a claimed constitutionally guaranteed right to compensation as of the date of "taking" of its property. Appellant's insistence that the value should have been fixed as of 1942, rather than 1947, is predicated upon its claim, to be referred to more fully later, that the values were greater in 1942. The legal basis of the contention that the 1942 values should have been considered, necessarily is that appellant had a constitutional right to have compensation fixed as of the date when plaintiffs entered into actual possession, and that the Legislature therefore was without the power to provide that

values should be fixed as of any other time. The contention is not sound unless entry into possession by the condemnor was a "taking" of appellant's property, which would require that compensation be assessed according to the value at that time.

Prior to the addition to section 1249 in 1911 of the proviso for fixing values as of the date of trial in actions not tried within a year, the section provided that in all cases values and severance damage should be fixed according to the value of the property on the date of issuance of summons. Consequently, where trials were delayed, and even unduly delayed, the landowner, although deprived of his compensation until the conclusion of the trial, was not allowed any benefit attributable to an increase in value of the land. It was often insisted that the owner was entitled under the Constitution to have his compensation fixed on the basis of the values at the time of the actual taking, namely, at the time of trial, and it was denied that the Legislature had the power to provide for assessing compensation as of the date of a constructive taking, namely, the issuance of summons. This contention was rejected in the early case of *California Southern R. R. Co.* v. *Kimball,* 61 Cal. 90, and in many later cases. In answering the contention in *Los Angeles* v. *Gager,* 10 Cal.App. 378, 381 [102 P. 17], the court said, "The supreme court of this state has, since 1882, repeatedly and uniformly held to the contrary." In *City of Oakland* v. *Wheeler,* 34 Cal.App. 442, 453 [168 P. 23], it was said, "The trial court properly instructed the jury that the value of the property should be fixed as of the date of the issuance of the summons, as is provided in the Code of Civil Procedure, section 1249. The question of the constitutionality of this section of the code raised by defendants is no longer an open one in this state. (*Los Angeles* v. *Gager,* 10 Cal.App. 378 [102 P. 17]; *California S. Ry. Co.* v. *Kimball,* 61 Cal. 90; *San Jose etc. Co.* v. *Mayne,* 83 Cal. 566 [23 P. 522]; *Tehama Co.* v. *Bryan,* 68 Cal. 57 [8 P. 673]; *Sacramento Co.* v. *McDougall,* 19 Cal. App. 562 [126 P. 503].) This section is constitutional." Similar results were reached in *Marin M.W. Dist.* v. *Marin W. etc. Co.,* 178 Cal. 308 [173 P. 469], and in *City of Pasadena* v. *Porter,* 201 Cal. 381 [257 P. 526, 53 A.L.R. 679]. In *City of Los Angeles* v. *Oliver,* 102 Cal.App. 299 [283 P. 298], the District Court of Appeal made it clear that the matter of fixing the time as of which values are to be determined is

entirely one of procedure, without constitutional control or direction; and with respect to the validity of section 1249, said (pp. 312, 315), "It has frequently been held that the fixing of a particular date as a time basis for the estimation of property values in condemnation suits is not a legislative interference with the right to just compensation guaranteed by the Constitution—which is but another way of stating that there is no vested right to have compensation assessed as of any particular date. [Citing cases.]. . . . It seems clear to us that the foregoing authorities amply sustain the proposition that the constitutionally guaranteed right to receive just compensation for property taken or damaged for public purposes neither includes nor implies the right to have such compensation ascertained by any particular procedure or as of any certain date."

It may not be questioned that appellant had a right to be paid the value of its land at the time it was taken. It is, however, well established that the Legislature may designate, for the purpose of assessing compensation, any stage of the proceedings prior to the judgment by which the owner is wholly divested of title to the land or interest taken. The issuance of summons has generally been deemed to be a constructive taking, and, as we have seen, determining compensation as of this time accords the owner the full benefit of his constitutional right. So, too, where the statute in like manner specified the order appointing referees to be a constructive taking (*City of Pasadena* v. *Porter,* 201 Cal. 381 [257 P. 526, 53 A.L.R. 679]), or the setting of the case for trial (*City of Los Angeles* v. *Oliver, supra,* 102 Cal.App. 299 [appeal dismissed by U. S. Supreme Court for want of substantial federal question, 283 U.S. 787 (51 S.Ct. 348, 75 L.Ed. 1415)]), or the hearing before the Railroad Commission (*Marin M.W. Dist.* v. *Marin W. etc. Co.,* 178 Cal. 308 [173 P. 469] ; *Sacramento etc. Dist.* v. *Pacific G. & E. Co.,* 72 Cal.App.2d 638 [165 P.2d 741]).

As the question has heretofore arisen, the values at the time of the actual taking, namely, at the time of trial, were higher than they were at the time of the constructive taking. Under the decisions we have cited the owner was not allowed the benefit of such increased values and the 1911 amendment of section 1249 was doubtless enacted to correct that supposed injustice. As previously noted, it is urged in the present case that the values were higher at the time plaintiffs went into possession than they were at the time of trial, but even assuming this to be true, the fact is without legal significance.

The basic protection given by the Constitution is that the owner may not be divested of his title until full compensation has been paid or deposited in court. As indicated by the authorities previously cited, legislation on the subject has always recognized that certain steps in the proceedings amount to such an interference with the right of ownership as to justify their being regarded as a constructive taking, for the purpose of assessing compensation, even though condemnation has not taken place. Although it was held in *Steinhart* v. *Superior Court, supra,* 137 Cal. 575, decided in 1902, that entering into possession under a preliminary order, as authorized by statute, was a taking of the property, and that payment into court was not payment for the owner, as required by the Constitution as it then stood, a different conclusion must be reached when effect is given to the 1918 amendment to section 14 of article I. That amendment authorizes an entry into possession of a right of way whether the fee or an easement thereto be "sought" upon the deposit in court of funds to secure payment of just compensation to the owner of the property "sought to be taken" etc. Manifestly, such deposit must be deemed to meet the requirement that the land may not be taken until compensation be made to or money paid into court for the owner. The further requirement that the amount must be adequate to compensate for the property *sought to be taken* recognizes the preliminary order for possession as merely a stage in the proceedings leading up to the final step, namely, the passing of title by condemnation. We think it is also significant that the 1918 amendment does not require values to be fixed as of the time possession is taken, in view of the fact that for more than 30 years prior to its adoption the courts had upheld the power of the Legislature to provide that compensation should be assessed on the basis of values prevailing at the time one or another of the preliminary steps in the proceedings should be taken.

An owner who is deprived of the use and occupancy of his land before he is actually compensated in the amount of its value is entitled to be recompensed for his loss. To that end, an allowance of interest on the amount of the award to the time of judgment is proper. (*Metropolitan Water Dist.* v. *Adams, supra,* 16 Cal.2d 676; *Los Angeles Flood Control Dist.* v. *Hansen,* 48 Cal.App.2d 314 [119 P.2d 734].) But it cannot be successfully contended that the mere entry into possession by the condemnor amounts to such a complete and irrevocable

taking as to require application of the rule that the owner is entitled to the value of his land at the time it is taken. The Constitution guarantees that he be compensated only for whatever is taken from him—the value of use for the time he is deprived of it, and the value of the fee or easement, and damages as of the time when title either actually or constructively passes. No doubt it would have been competent for the Legislature to provide that compensation should be assessed according to values at the time the condemnor enters into possession before trial, which is frequently at the time or shortly after summons is issued. However, had this procedure been prescribed and made applicable in all cases, landowners would be unable to derive any benefit through an increase in values to the time of trial, a right which was given them in certain cases by the 1911 amendment of section 1249. The provisions of this amendment are not brought into conflict with the Constitution by the condemnor's going into possession, and they were properly held controlling in the assessment of appellant's compensation. A contrary holding would be in conflict with the decision in *Metropolitan Water District* v. *Adams, supra,* in which contentions essentially the same as those of the appellant here were held untenable. The trial of that case occurred more than a year after the issuance of summons; values were fixed at the time of trial. While no objection was made to this procedure, it was contended that interest was properly awarded on the amount of the judgment from the date possession was taken under order of court for the reason that the condemnor's right to the property and the owner's right to payment became vested when the condemnor took possession. This contention was rejected by the court for the reason that the respective rights of the parties were tentative and conditional, inasmuch as the proceeding might have been dismissed or abandoned by the plaintiff, or the issue of public necessity to take the land might have been decided against the plaintiff. The allowance of interest was sustained on other grounds.

Appellant cites *People* v. *Klopstock,* 24 Cal.2d 897 [151 P.2d 641], and *People* v. *Joerger,* 12 Cal.App.2d 665 [55 P.2d 1269], in support of its contention that values must be fixed as of the time when the condemnor takes actual possession. Neither case so holds. It was held in each case that the rights of interested parties to compensation accrued as of the time the property was deemed to be taken for public use. In the Klopstock case this was stated to be the date of the issuance

of summons, and in the Joerger case it was said to be the date the condemnor entered into possession under order of court, which appears to have been made the day following the issuance of summons. The question was not raised, and the court did not decide, in either case, whether values should have been fixed as of the date when the condemnor entered into actual possession. We can conceive of no reason why the Legislature may not, within the Constitution, provide that the amount of compensation shall be assessed as of a time other than when the right thereto accrues.

Even if we held views contrary to those we have expressed, it is extremely doubtful that we could properly reverse the judgment. Appellant asserted at the trial and now asserts that the value of its land was greater in 1942 than it was in 1947, and that it would have been able to establish large severance damages on the basis of the former value. He sought to question its expert witness as to the 1942 values and the court sustained the plaintiffs' objection. Our attention has not been called to any offer, and we have not found that appellant made an offer to prove the value of his land in 1942, nor the amount of its severance damage based upon such values. It might even be inferred that its expert witness on values was not prepared to testify that they were higher at the time possession was taken in 1942 than they were at the time of trial. However, we prefer not to consider the point that appellant has failed to show that it suffered prejudice through the rulings complained of, for the reason that appellant's case presents a unique factual situation which calls for a decision of the constitutional question as applied thereto.

The judgment is affirmed.

Wood, J., and Vallée, J., concurred.