[Civ. No. 5886. Fourth Dist. June 30, 1959.]

THE PEOPLE ex rel. Department of Public Works, Plaintiff, v. CHARLES A. NORTHCUTT et al., Defendants; COUNTY OF SAN DIEGO, Appellant; VAUGHAN W. DeKIRBY et al., Respondents.

James Don Keller, District Attorney, and Donald L. Clark, Deputy District Attorney, for Appellant.

No appearance for Respondents.

MUSSELL, J.—This is an action in eminent domain brought by the State of California against owners and claimants to certain parcels of real property in San Diego County. Appellant, county of San Diego, having been served with summons and complaint in said action, appeared and filed therein its second amended answer, claiming a lien on Parcel 1 of the property involved for taxes for the fiscal year 1951-1952 in the amount of $1,589.85, for the year 1957-1958 in the amount of $327.86, and the right to be paid these taxes out of the condemnation award. The amount claimed for taxes for the fiscal year 1951-1952 had been assessed by appellant on said parcel for that year and appeared on the delinquent tax roll. The amount claimed for taxes on said parcel for the fiscal year 1957-1958 had been assessed by appellant and appeared on the tax roll for that year. Trial was held as to said Parcel 1 on January 27, 1958. No possession of the property had been taken by the state nor had it made a deposit or security or obtained an order for taking prior possession before said trial. The fair market value of the property was agreed upon by the parties and the court determined the priorities of their claims to the condemnation award. Appellant's claims for taxes for the

year 1951-1952 ($1,589.85), together with the first installment ($159.16) of the taxes for the year 1957-1958, and the penalties thereon ($9.54) were allowed. However, the court held that the second half of said 1957-1958 taxes was not payable until February 1, 1958, and denied appellant's claim therefor in the sum of $159.16. The county appeals from those parts of the judgment, entered on January 30, 1958, "which deny the claim of the defendant County of San Diego for the second half of the said 1957-1958 taxes in the sum of $159.16 which terminate, cancel and extinguish the lien of the defendant county on said parcel 1 for said amount and which award to defendants Vaughan W. DeKirby and Perry Louise DeKirby the sum of Two Hundred Dollars ($200.00)."

 Every tax on real property is a lien against the property assessed (Rev. & Tax. Code, § 2187) and all tax liens attach annually as of noon on the first Monday in March preceding the fiscal year for which the taxes are levied (Rev. & Tax. Code, § 2192). Pursuant to these sections the taxes claimed by the county and levied upon the property involved for the entire fiscal year 1957-1958 became a lien on the property on the first Monday in March, 1957. The first installment of such taxes was due on November 1 following the levy and the second installment was due on February 1 of the year following. (Rev. & Tax. Code, §§ 2605, 2606.)

Apparently the trial court's ruling and judgment denying appellant's claim as to the second half of the 1957-1958 taxes was based upon the fact that the second installment of such taxes was not due until February 1, 1958, a date subsequent to the trial date of January 27, 1958. However, as is said in *City of Long Beach* v. *Aistrup,* 164 Cal.App.2d 41, 51 [330 P.2d 282]:

"It is the general rule that the subjection of the award in a proceeding in eminent domain to the payment of real property taxes depends on whether such taxes became a lien prior or subsequent to the time title passed or is deemed to have passed. (See cases collected 45 A.L.R.2d 529, 555.) The majority view is that where the taxes became a lien prior to the passage of title or prior to the time title is deemed to have passed to the condemner, they are to be deducted from the award. (Anno.: 45 A.L.R.2d 529, 555.)"

 It was further held (p. 53) that: "The statutory scheme would seem to leave no doubt that it was the intention of the Legislature to prevent a lien which attached on the first Monday in March of any year from being extinguished by

reason of the fact that after the lien has attached title to the property passes or is deemed to pass to a tax-exempt public corporation in a proceeding in eminent domain. ▮ The obligation to pay the taxes accrued the date the lien attaches.

▮ The lien has the effect of a judgment and of an execution duly levied. The judgment is not satisfied or the lien removed until the tax is paid or legally canceled."

▮ And it was also held (pp. 47-48) :

"There is no passage of title in condemnation proceedings until an award has been made and the final judgment in condemnation filed in the office of the county recorder. (Code Civ. Proc., § 1253 ; *Metropolitan Water Dist.* v. *Adams*, 16 Cal. 2d 676 [107 P.2d 618].) However, as an exception to the strict application of the law, it is recognized that a 'taking' of sufficient consequences is deemed to have the same effect of finality of transfer for specific purposes as does the passage of title."

▮ Since there was no "taking" in the instant case within the meaning of the exception and the final order of condemnation was not signed by the trial court herein or entered in the judgment book until February 3, 1958, and could not have been recorded prior to that date, it follows that the title to the property involved did not pass to the state prior to the time the lien of the county attached or prior to the date the second installment was due and that the court erred in denying appellant's claim to be paid the amount claimed by it.

The parts of the judgment from which the appeal is taken are reversed.

Griffin, P. J., and Shepard, J., concurred.